UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GODSPOWER CHUKWUBUIKE
OJUNTA,

                    Petitioner,

v.

TODD M. LYONS et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1270

Honorable Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing. (Pet., ECF No. 1, PageID.6, 7.)

In an order entered on April 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.)[1] Respondents filed their response on April 23, 2026, (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Nigeria. (Notice to Appear (NTA), ECF No. 5-1, PageID.48.) Petitioner entered the United States on September 10, 2021, "as a F1 student nonimmigrant."[2] (*Id.*) At that time, Petitioner "was enrolled in a Bachelor's program at UM-Flint," but he did not enroll in classes for the Fall 2022 semester. (2025 Form I-213, ECF No. 5-2, PgeID.53.)

On May 29, 2025, ICE encountered and arrested Petitioner at his residence near Detroit, Michigan. (*See id.*) At that time, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with removability under § 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA) because "after admission as a nonimmigration under Section 101(a)(15) of the [INA], [Petitioner] failed to maintain or comply with the conditions of the nonimmigrant status under which [Petitioner was] admitted." (NTA, ECF No. 5-1, PageID.47.)

On September 8, 2025, the Detroit Immigration Court denied Petitioner's asylum application, denied withholding of removal, and ordered that Petitioner be removed to Nigeria. (Sept. 8, 2025, Order Immigration Judge, ECF No. 5-4, PageID.56.) Petitioner appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending. (Filing

---

[1] In the show cause order ,the Court also granted Petitioner leave to proceed *in forma pauperis*. (Order, ECF No. 4.)

[2] The Court notes that the NTA attached to Respondents' response indicates that Petitioner was permitted to enter the United States at the "JFK airport [in] New York City, New York," on September 10, 2021. (NTA, ECF No. 5-1, PageID.48.) In their response, Respondents cite this exhibit, but they incorrectly state that Petitioner "unlawfully entered the United States without inspection on or about September 10, 2021." (Resp., ECF No. 5, PageID.34 (citing NTA, ECF No. 5-1).)

Receipt, ECF No. 5-5; Resp., ECF No. 5, PageID.36.) Because Petitioner's appeal to the BIA

remains pending, Petitioner's order of removal is not "administratively final" for purposes of the

INA.[3] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*,

145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief

because Petitioner has not exhausted his administrative remedies.

---

[3] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

3

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in the following cases: *cf. Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States. (Resp., ECF No. 5, Page 37–38.) However, there is no indication in the record that Petitioner has received a bond hearing under § 1226 since his detention began on May 29, 2025. (*See* Pet., ECF No. 1, PageID.6 (stating that Petitioner's "continued detention without a bond hearing violates the [INA]

4

and the Fifth Amendment of the Constitution").) And, Respondents do not indicate that any individualized determination regarding Petitioner's detention or release under § 1226 has been made.[4]

### B.      Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by arguing that Petitioner is not entitled to any further process.

The Court concludes that Petitioner's current detention without a bond hearing violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in the following cases: *cf. Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

---

[4] When presenting their argument that Petitioner should be required to exhaust his administrative remedies, without providing any further explanation or supporting documents, Respondents state that Petitioner "has withdrawn two requests for a bond hearing." (Resp., ECF No. 5, PageID.41.) Although Respondents concede that Petitioner is detained under § 1226, they do not appear to specifically concede that Petitioner is entitled to a bond hearing under § 1226. For example, Respondents argue that they "are authorized to detain or release Petitioner under section 1226(a), subject to removal proceedings and pending a final order of removal," but they do not concede that Petitioner is entitled to a § 1226 bond hearing and that the Immigration Court will hold a bond hearing under § 1226 at which the Immigration Court will conclude it has jurisdiction to consider, and make an individualized determination regarding, Petitioner's bond request. (Resp., ECF No. 5, PageID.38 (citation omitted).) Under these circumstances, as set forth herein, the Court will conditionally grant Petitioner's § 2241 petition and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the Acting Director of ICE as a Respondent. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Acting Director of ICE as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative,

immediately release Petitioner from custody.[5] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: April 30, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

7